## GEORGE HAYNES *versus* MICAH M. RUTTER.

Goods sold were attached as the property of the vendor, and were then replevied from the attaching officer by the vendee, and the subscribing witness to the bill of sale became a surety on the replevin bond. At the trial of the action of replevin, the officer objected to the introduction of such witness by the vendee, to prove the execution of the bill of sale, upon the ground that the witness was a surety on the replevin bond ; and the vendee thereupon offered to procure a new surety, but the officer would not consent thereto. It was *held,* that the execution of the bill of sale might be proved by other evidence than the testimony of the subscribing witness ; and that the vendee was not bound to produce the vendor as a witness, for this purpose.

If the declaration of a person is, in itself, a fact in a transaction, or is made by him while doing an act, and serves to explain it, it is to be received in evidence as part of the *res gestæ ;* but a recital of past transactions is not admissible, although it may have some relation to the act which the person may be doing when he makes such declaration.

Thus, in an action by the vendee of goods against an officer who had attached them after the sale, as the property of the vendor, it appeared that the vendor declared to the scrivener at the time of the execution of the bill of sale, that he was insolvent, that his son was liable for him as surety, that he wished to make a conveyance of the goods to the vendee and to take his notes for the purpose of securing his son, that he had consulted some of his creditors, and that they were willing to wait, if he would put his property into the vendee's hands. It was *held,* that such declarations, so far at least as they were not merely explanatory of an act about to be done, but embraced a recital of past transactions, were not competent evidence, to prove that the bill of sale was *bonâ fide.*

REPLEVIN to recover certain personal property attached by the defendant, who was a deputy sheriff, by virtue of sundry writs against Jeremiah Haynes. Issue was joined on the question, whether the property was in the plaintiff.

At the trial the plaintiff produced a bill of sale of the property to him from J. Haynes, dated February 26th, 1835, and witnessed by Emory Haynes and H. Hemmenway. The plaintiff then offered E. Haynes and Hemmenway as witnesses to prove the bill of sale, but they were objected to, on the ground, that they had signed the replevin bond in this action, as sureties ; and they were rejected by the Court.

The plaintiff thereupon offered to procure new sureties, so as to remove the interest of such witnesses, if the defendant would consent thereto ; but the defendant refused. The plaintiff then offered other evidence to prove the execution of the bill of sale. To this the defendant objected, on the ground, that as the plaintiff had disqualified the attesting witnesses by making them sureties on the replevin bond, he could not prove the execution of the bill of sale by other evidence ; but the objection was overruled. The defendant also contended, that if any evidence, other than the testimony of the subscribing witnesses, was admissible, the plaintiff was bound to call J. Haynes, the vendor of the property ; and he objected to the admission of any other evidence to the same fact ; but this objection was overruled.

In order to prove the fairness of the transaction and the consideration, for which the bill of sale, and also a conveyance of certain real estate made at the same time by J. Haynes to the plaintiff, were given, the plaintiff called Ephraim Buttrick, Esq., as a witness. Mr. Buttrick testified, that at and before the time of the execution of the bill of sale and deed, J. Haynes came with the plaintiff to his office to get him to prepare the conveyance of the property in question ; that J. Haynes said he was insolvent ; that his son, Emory Haynes, was surety for him for the sum of from $600 to $1000 ; that Emory wanted security, and that he, J. Haynes, wished to make a conveyance of the property in question to the plaintiff, who was also his son, and to take the notes of the plaintiff for the purpose of securing Emory ; that J. Haynes also said, as the witness understood him, that he had consulted some of his creditors, and that they were willing to wait, if he would put his property into the plaintiff's hands. The defendant objected to the admission of this evidence ; but the objection was overruled, and the testimony admitted.

Haynes
*v.*
Rutter.

Oct. 21*st*,
1836.

The jury returned a verdict for the plaintiff.

The defendant moved for a new trial, on account of the admission of the testimony above set forth.

*Mann* and *Mellen*, for the defendant, cited to the point, that as the attesting witnesses were rendered incompetent by the plaintiff's procurement, the execution of the bill of sale could not be proved by other evidence, 1 Stark. on Evid. 330 to 332, and notes, and 337 to 340 ; *Dudley* v. *Sumner*, 5 Mass. R. 462 ; *Brown* v. *Bellows*, 4 Pick. 179 ; that, as J. Haynes was a competent witness to prove fraud in the bill of sale, his declarations were inadmissible, *Worcester* v. *Eaton*, 11 Mass. R. 368 ; *Loker* v. *Haynes*, 11 Mass. R. 498 ; *Hill* v. *Payson*, 3 Mass. R. 559 ; *Bridge* v. *Eggleston*, 14 Mass. R. 245 ; *Jackson* v. *Frost*, 6 Johns. R. 135 ; and that the declarations of J. Haynes were inadmissible as part of the *res gestæ*, to prove the fairness of the transaction, *Merrill* v. *Meacham*, 5 Day, 341 ; *Bridge* v. *Eggleston*, 14 Mass. R. 245 ; 1 Stark. on Evid. 47.

*Hoar*, *Josiah Adams*, and *Keith*, for the plaintiff, cited to the point, that the declarations of J. Haynes were admissible as part of the *res gestæ*, to explain the circumstances under which the writings were made, 1 Stark. on Evid. 47, 48 ; 1 Phil. on Evid. 202 ; and that as the subscribing witnesses were excluded through the act of the defendant, and without the fault of the plaintiff, who offered to procure other sureties, the execution of the bill of sale might be proved by other evidence, *Goss* v. *Tracy*, 1 P. Wms. 289.

Jan. 21*st*,
1837,
at Boston.

WILDE J. delivered the opinion of the Court. The plaintiff, to prove his property in the goods replevied, produced a bill of sale to him from one J. Haynes, the former owner, and called the subscribing witnesses to prove its execution. The defendant objected to their admission, and they were rejected, it appearing to the court, that they had signed the replevin bond as the plaintiff's sureties, and so were interested in the event of the suit. The plaintiff was then permitted to prove the execution of the bill of sale by other evidence. To the admission of this evidence the defendant's counsel object, on the ground, that by making the subscribing witnesses sureties the plaintiff disqualified them, and that he ought not to avail

himself of an advantage arising from his own fault. We think, however, that the plaintiff was not in fault, for he had no wish to exclude those witnesses, and to avail himself of other evidence, for he offered to procure new sureties ; and taking the attesting witnesses as sureties was no doubt a mere inadvertence. If there was any fault in excluding these witnesses, it was rather the fault of the defendant than that of the plaintiff A similar objection to this was made and overruled in *Godfrey* v. *Norris,* 1 Strange, 833. There the attesting witnesses to a bond had taken letters of administration on the estate of the obligee, and it was objected, that it was the plaintiff's fault thus to disqualify himself as a witness ; and the principle on which this decision is founded, is approved in *Swire* v. *Bell,* 5 T. R. 371, and in *Goss* v. *Tracy,* 1 P. Wms. 289.

It is further objected, that the plaintiff was bound to produce J. Haynes as a witness ; but we are not aware of any rule of evidence which required this witness to be produced rather than any other witness.

The remaining objection to the plaintiff's evidence, as to the declaration of J. Haynes, we are of opinion, is well founded. It is often a difficult question to decide what declarations may or may not be admitted in evidence as part of the *res gestæ ;* but the test seems to be as laid down in 1 Stark. on Evid. 47. " If the declaration has no tendency to illustrate the question, except as a mere abstract statement, detached from any particular fact in dispute, and depending for its effect entirely on the credit of the person making the declaration, it is not admissible. But if any importance can be attached to it, as a circumstance deriving a degree of credit from its connexion with the circumstances of the case, independently of any credit to be attached to the speaker or writer, then the declaration is admissible."

Thus, if the declaration is in itself a fact in the transaction, or is made by a party while doing an act, and serves to explain it, it is to be received in evidence as part of the *res gestæ.* But a recital of past transactions is not admissible, although it may have some relation to the act which the person may be doing at the time when he makes the declaration.

Now the declarations proved in the present case, were not

Haynes
*v.*
Rutter.

merely explanatory of an act about to be done, but embraced a recital of past transactions, and thus far at least were not competent evidence.

*New trial granted.*